# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **LIONEL ROUSSEL ATANGANA,** | ] |
| **Plaintiff,** | ] |
| v. | ] Case No.: 4:18-cv-02113-ACA-SGC |
| **P.L. ZANER,** | ] |
| **Defendant.** | ] |

## **MEMORANDUM OPINION**

The magistrate judge filed a report on April 16, 2019, recommending this action be dismissed without prejudice for failure to state a claim upon which relief may be granted.[1] (Doc. 4). The Plaintiff filed timely objections. (Doc. 6). Having considered said objections, the court finds as follows:

The Plaintiff, an immigration detainee held in Alabama, brought this *Bivens* action asserting Defendant P.L. Zaner prolonged his detention in retaliation for seeking medical care. (Doc. 3 at 5). Construing this as a First Amendment retaliation claim, the magistrate judge found the allegations failed to state a claim upon which relief could be granted because *Bivens* has never been extended to such claims. *See e.g.*, *Zigler v. Abbasi*, 137 S. Ct. 1843, 1854–55, 57 (2017);

---

[1] Eleventh Circuit precedent permits a *sua sponte* dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff is provided notice of the court's intent to dismiss. *See Topa v. Melendez*, 739 F. App'x 516, 518 (11th Cir. 2018) (citing *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007)).

*Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012) ("We have never held that *Bivens* extends to First Amendment claims.").

In his objections, the Plaintiff cites *Bivens* as his authority to sue individual federal officers for money damages arising from violations of his constitutional rights. (Doc. 6 at 3). But Plaintiff's objections make clear that he seeks release from detention, not compensation. (*Id.* at 3–8). Each of the Plaintiff's objections address his continued detention and provide reasons that attempt to justify his release. Similarly, the Plaintiff's assertion he is entitled to a 90-day custody review is not relevant in a *Bivens* action. (*See id.*).

Release from detention is not an available remedy in a *Bivens* action, and this court lacks jurisdiction to provide that relief. *See* 8 U.S.C. § 1252(g); *Abella v. Rubino*, 63 F.3d 1063, 1066 (11th Cir. 1995). Addressing similar arguments, the Eleventh Circuit held *Bivens* remedies are unavailable for constitutional violations prolonging immigration detention. *Alvarez v. U.S. Immigration & Customs Enf't*, 818 F.3d 1194, 1208–11 (11th Cir. 2016) ("While we acknowledge that ICE officials may act wrongly in detaining certain aliens—and may even in some instances violate the Constitution—we cannot agree with Alvarez that recognizing a *Bivens* remedy would be a prudent way to address this possibility."). Plaintiff's claims, therefore, are best raised in any one of the four pending habeas

petitions Plaintiff has filed challenging the fact or duration of his detention. (*Id.* at 6 n.7).

Having carefully reviewed and considered *de novo* all the materials in the record, including the report and recommendation and the objections thereto, the magistrate judge's report is **ADOPTED** and the recommendation is **ACCEPTED**. (Doc. 4). The Plaintiff's objections are **OVERRULED**. (Doc. 6). Therefore, this action is due to be dismissed without prejudice for failure to state a claim upon which relief can be granted.

The court will enter a separate order consistent with this opinion.

**DONE** and **ORDERED** this May 28, 2019.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE